UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No.  96 CR 553-1 |
| JAMES GHOLSON, | ) ) | Judge Rebecca R. Pallmeyer |
| Defendant. | ) | |

## ORDER

Gholson's motions for a sentence reduction [969, 994, 1012, 1013] are denied.

## STATEMENT

James Gholson was convicted by a jury of drug offenses in 1998.  In February 1999, Judge Marovich sentence Gholson to life in prison.  On February 20, 2001, the Seventh Circuit affirmed the conviction and sentence on direct appeal.  Since then, Gholson has filed a host of motions, including several motions for reduction of his sentence [647, 671, 764, 857, 890, 919, 965], a motion for reduction of his fine [714], a motion to compel a response from the government [720], a motion seeking an evidentiary hearing [735], a motion for mandamus [739], and a motion for entry of a temporary restraining order [754].  Together with his co-defendants, Gholson filed a substantial motion for post-conviction relief pursuant to 28 U.S.C. § 2255, itself accompanied by nearly a dozen related motions.  This court denied the § 2255 petition in lengthy opinions in 2003 [690] and 2005 [710].

Most recently, Gholson has again moved for a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2) and recent amendments to the United States Sentencing Guidelines' drug quantity tables [969].  Gholson also asks the court to reduce his sentence still further in recognition of his "extraordinary rehabilitation efforts" [994, 1013].  The government objects to the request for reduction [985], noting that the court has no authority to grant such a request where application of a guidelines amendment would not have the effect of lowering the defendant's applicable guideline range.  U.S.S.G. § 1B1.10(a)(2)(B).  Because the sentencing court concluded that Gholson engaged in a continuing criminal enterprise as defined in 28 U.S.C. § 848(b), his life sentence is mandatory, the government asserts, and the crack cocaine amendments did not lower Gholson's guideline sentence range*. Cf. United States v. Blount*, 375 F.App'x. 420 (5th Cir. 2010).  Moreover, as described more fully in the Presentence Investigation Report, Mr. Gholson's role in the Gangster Disciples, including a leadership role during the summer of 1996, supports a conclusion that Gholson was responsible for distribution of very large quantities of crack cocaine every day.  Even under the revised guidelines, Mr. Gholson's base offense level is 38 because he was involved in substantially more than 25.2 kilograms, the threshold for application of that level.  With relevant enhancements, Gholson's guideline range is life in prison (base offense level of 38 for 25.2 kilograms of crack; adjusted upward to 44 for use of minors, possession of dangerous weapons, and leadership role; Criminal History category IV).

In a *pro se* reply memorandum [990], Mr. Gholson challenges the court's earlier determinations and calls the sentencing enhancements "illegal." The court invited a response from the Federal Defender, but she advises that she "has nothing to file in addition or in reply at this time." [1000]. The court may grant a motion under § 3582(c) only if a reduction of the original sentence is "consistent with applicable policy statements issued by the Sentencing Commission." Given the quantity of drugs at issue in this case, the recent amendments do not have the effect of reducing Mr. Gholson's guideline range, and a sentence reduction would not be consistent with those policy statements. The court declines to revisit other determinations relevant to the sentence.

Finally, the court notes Gholson has filed a motion to reduce his sentence due to his "extraordinary rehabilitation efforts" [994]. The case he cites as authority for this request, however, has itself been reversed by the Eighth Circuit Court of Appeals. *See United States v. Hasan*, 245 F.3d 682 (8th Cir. 2001) (reversing a sentence reduction order; exemplary prison conduct does not support departure below amended sentencing range). Where a guideline amendment does not result in a different sentencing range, no reduction is appropriate. The motions [969, 994, 1012, 1013] are denied.

ENTER:

Dated: May 6, 2016

_____
REBECCA R. PALLMEYER
United States District Judge